IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[1] JESUS R. PEREZ-CRUZ,<br>    aka "Indio;"<br>    [COUNTS 1, 2]<br>[2] REYNALDO MAYSONET-NARVAEZ,<br>    aka "Chacho;"<br>    [COUNTS 1, 2]<br>[3] LUZ MARIA PADILLA,<br>    aka "Luzma;"<br>    [COUNT 2]<br>[4] IVONNE GARCIA-QUIÑONES;<br>    [COUNT 2]<br>[5] DAVID A. MEDINA-SANES,<br>    aka "El Negro Medina;"<br>    [COUNTS 2]<br>[6] RONALD BARRIOS-GARCIA;<br>    [COUNTS 2]<br>[7] JAVIER FRANKY-ORTIZ,<br>    aka "Javier Bemba;"<br>    [COUNTS 2]<br>[8] ANGEL E. ALOMAR-SILVA,<br>    aka "Colilla;"<br>    [COUNTS 2]<br>[9] JULIO A. CARRION-FIGUEROA,<br>    aka "Julito;"<br>    [COUNT 2]<br>[10] EDGARDO RONDON-CORREA,<br>    aka "Tribi;"<br>    [COUNT 2]<br>[11] JOEL SALGADO-OSORIO;<br>    [COUNT 2]<br>Defendants. | I N D I C T M E N T<br><br>Criminal No. 97-74 (DRD)<br><br>Violations: Title 21, USC,<br>Section 841(a)(1);<br>    [COUNT 2]<br>Title 21, USC, Section 846;<br>    [COUNT 2];<br>Title 21, USC, Section 848;<br>    [COUNT 1];<br>Title 18, USC, Section 2;<br>    [COUNT 1];<br><br>[TWO COUNTS] |

THE GRAND JURY CHARGES:

COUNT ONE

From on or about May 1, 1990, and continuing until on or about April 10, 1997, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

[1] JESUS R. PEREZ-CRUZ,
aka "Indio;"

and

[2] REYNALDO MAYSONET-NARVAEZ,
aka "Chacho;"

the defendants herein, aiding and abetting each other, did, knowingly and intentionally, engage in a continuing criminal enterprise, as this term is defined in Section 848(c) of Title 21, United States Code, in that

[1] JESUS R. PEREZ-CRUZ,
aka "Indio;"

and

[2] REYNALDO MAYSONET-NARVAEZ,
aka "Chacho;"

did violate provisions of Title 21, United States Code, subchapter I as alleged in Count Two (2) of this indictment, which count is realleged and incorporated herein by reference as if fully set forth herein, which violations were part of a continuing series of violations of subchapter I, undertaken by

[1] JESUS R. PEREZ-CRUZ,
aka "Indio;"

I N D I C T M E N T
United States v. Jesus R. Perez-Cruz, et al
Page 3

and

[2] REYNALDO MAYSONET-NARVAEZ,
aka "Chacho;"

in concert with at least five other persons with respect to whom the defendants,

[1] JESUS R. PEREZ-CRUZ,
aka "Indio;"

and

[2] REYNALDO MAYSONET-NARVAEZ,
aka "Chacho;"

occupied a position as the principal administrators, organizers and leaders of the enterprise, and from which continuing series of violations, the defendants herein obtained substantial income and resources. All in violation of Title 21, United States Code, Section 848(a) and (b) and Title 18, United States Code, Section 2.

COUNT TWO

From on or about May 1, 1990, and continuing until on or about April 10, 1997, in the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court,

[1] JESUS R. PEREZ-CRUZ,
aka "Indio;"

[2] REYNALDO MAYSONET-NARVAEZ,
aka "Chacho;"

[3] LUZ MARIA PADILLA,
aka "Luzma;"

[4] IVONNE GARCIA-QUIÑONES;

[5] DAVID A. MEDINA-SANES,
aka "El Negro Medina;"

I N D I C T M E N T
United States v. Jesus R. Perez-Cruz, et al
Page 4

[6] RONALD BARRIOS-GARCIA;

[7] JAVIER FRANKY-ORTIZ,
aka "Javier Bemba;"

[8] ANGEL E. ALOMAR-SILVA,
aka "Colilla;"

[9] JULIO A. CARRION-FIGUEROA,
aka "Julito;"

[10] EDGARDO RONDON-CORREA,
aka "Tribi;" and

[11] JOEL SALGADO-OSORIO;

the defendants herein, did, knowingly and intentionally, combine, conspire, and agree with each other and with divers other persons to the grand jury known and unknown, to commit an offense against the United States, to wit, to knowingly and intentionally distribute multi-kilogram quantities of controlled substances, that is to say, in excess of five (5) kilograms of Cocaine, a Schedule II Narcotic Drug Controlled Substance, in excess of five (5) kilograms of Cocaine Base, a Schedule II Narcotic Drug Controlled Substance, and in excess of one hundred (100) kilograms of Marihuana, a Schedule I Controlled Substance, as prohibited by Title 21, United States Code, Section 841(a)(1).

## OBJECT OF THE CONSPIRACY

The object of the conspiracy was to distribute cocaine, cocaine base (crack cocaine), and marihuana, at different drug points for significant financial gain or profit.

## MANNER AND MEANS USED TO ACCOMPLISH THE CONSPIRACY

The manner and means by which the defendants and co-conspirators would further and accomplish the objects of the conspiracy included the following:

1. It was part of the conspiracy that the defendants and their co-conspirators would purchase multi-kilogram quantities of cocaine and marihuana at wholesale prices.

2. It was a further part of the conspiracy that the defendants and co-conspirators would cook part of the cocaine purchased and create cocaine base (crack cocaine).

3. It was a further part of the conspiracy that the defendants and co-conspirators would package quantities of cocaine, cocaine base (crack cocaine) and marihuana in small quantities for subsequent sale to customers at drug points.

4. It was a further part of the conspiracy that the defendants and their co-conspirators would use residences and other locations in order to store and package the cocaine and marihuana.

5. It was a further part of the conspiracy that the defendants and their co-conspirators would sell cocaine, cocaine base (crack cocaine) and marihuana to customers at drug points.

6. It was a further part of the conspiracy that the defendants and their co-conspirators would have different roles and would perform different tasks in furtherance of the conspiracy.

I N D I C T M E N T
United States v. Jesus R. Perez-Cruz, et al
Page 6

## ROLES OF THE MEMBERS OF THE CONSPIRACY

I.   Leaders

1.   **JESUS R. PEREZ-CRUZ aka "Indio"** was one of the leaders and organizers of the drug-trafficking organization described in Counts One and Two. He did lead, organize, control, enforce through the use of violence, and supervise the sales of controlled substances at drug points located at the "Manuel A. Perez" Public Housing Project, Rio Piedras, Puerto Rico. He did direct and supervise numerous subordinates whose principal tasks were: (a) to supply sellers with the drugs to be sold and collect the proceeds derived from their sale at drug points; (b) to package drugs for subsequent sale at drug points; (c) to provide protection to both himself and the illegal narcotics being sold at drug points; and (d) to sell narcotics at drug points. He would also participate in the packaging of the narcotics for distribution at drug points, personally deliver packaged narcotics to his runners and sellers, and, at times, collect proceeds derived from drug sales.

2.   **REYNALDO MAYSONET-NARVAEZ aka "Chacho"** was one of the leaders and organizers of the drug-trafficking organization described in Counts One and Two. He did lead, organize, control, enforce through the use of violence, and supervise the sales of controlled substances at drug points located at the "Manuel A. Perez" Public Housing Project, Rio Piedras, Puerto Rico. He did direct and supervise numerous subordinates whose principal tasks

INDICTMENT
United States v. Jesus R. Perez-Cruz, et al
Page 7

were: (a) to supply sellers with the drugs to be sold and collect the proceeds derived from their sale at drug points; (b) to package drugs for subsequent sale at drug points; (c) to provide protection to both himself and the illegal narcotics being sold at drug points; and (d) to sell narcotics at drug points. He would also participate in the packaging of the narcotics for distribution at drug points, personally deliver packaged narcotics to his runners and sellers, and, at times, collect proceeds derived from drug sales.

    b.   <u>Runners</u>

    1.   **LUZ MARIA PADILLA aka "Luzma"** was one of the runners of the drug-trafficking organization described in Counts One and Two. She would receive packaged narcotics from **JESUS R. PEREZ-CRUZ aka "Indio"** and **REYNALDO MAYSONET-NARVAEZ aka "Chacho"** and deliver then to the sellers for sale at the drug points and would collect the proceeds derived from sales already completed by the sellers. She was responsible for the status of the inventory of illegal narcotics sold at the drug points and for supervising the operations at a given drug point.

    The remaining "runners" and various drug points operated by **JESUS R. PEREZ-CRUZ aka "Indio"** and **REYNALDO MAYSONET-NARVAEZ aka "Chacho"** are to the grand jury unknown.

I N D I C T M E N T
United States v. Jesus R. Perez-Cruz, et al
Page 8

    c.    <u>Triggermen</u>

    1.    **DAVID A. MEDINA-SANES aka "El Negro Medina"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, <u>United States Code</u>, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

    2.    **RONALD BARRIOS-GARCIA** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, <u>United States Code</u>, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

    3.    **JAVIER FRANCO-ORTIZ aka "Javier Bemba"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, <u>United States Code</u>, Section 921(a)(3), using them to provide protection to the leaders of the organization as

well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

4. **ANGEL E. ALOMAR-SILVA aka "Colilla"** was one of the triggermen of the drug-trafficking organization described in Counts One and Two. He did possess, carry, use and brandish firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection to the leaders of the organization as well as to the drug operations of the conspiracy from rival drug-trafficking organizations, and to engage in shootings against members of rival drug-trafficking organizations pursuant to the instructions of the leaders.

The remaining "triggermen" supervised and controlled by **JESUS R. PEREZ-CRUZ aka "Indio"** and **REYNALDO MAYSONET-NARVAEZ aka "Chacho"** are to the grand jury unknown.

d. Drug Sellers

1. **JAVIER FRANKY-ORTIZ aka "Javier Bemba"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell cocaine, cocaine base (crack cocaine) and marihuana at the "Manuel A. Perez" drug point.

2. **JULIO A. CARRION-FIGUEROA aka "Julito"** was one of the drug sellers of the drug-trafficking organization described in

INDICTMENT
United States v. Jesus R. Perez-Cruz, et al
Page 10

Counts One and Two. He would sell cocaine, cocaine base (crack cocaine) and marihuana at the "Manuel A. Perez" drug point.

3.   **EDGARDO RONDON-CORREA aka "Tribi"** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell cocaine, cocaine base (crack cocaine) and marihuana at the "Manuel A. Perez" drug point.

4.   **JOEL SALGADO-OSORIO** was one of the drug sellers of the drug-trafficking organization described in Counts One and Two. He would sell cocaine, cocaine base (crack cocaine) and marihuana at the "Manuel A. Perez" drug point.

The remaining "drug sellers" supervised and controlled by **JESUS R. PEREZ-CRUZ aka "Indio"** and **REYNALDO MAYSONET-NARVAEZ aka "Chacho"** are to the grand jury unknown.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of this conspiracy and to effect and accomplish the objects of the same, one or more of the conspirators committed, among others, the following overt acts:

1.   At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, did possess with intent to distribute and did distribute controlled substances, to wit: cocaine, cocaine base (crack cocaine) and marihuana which was sold to customers in one or more drug points for substantial financial gain or profit.

INDICTMENT
United States v. Jesus R. Perez-Cruz, et al
Page 11

2. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, possessed, brandished and used firearms, as defined in Title 18, United States Code, Section 921(a)(3), using them to provide protection for the drug operations of the conspiracy from rival drug-trafficking organizations and to engage in shootings against members of rival drug-trafficking organizations.

3. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, did carjack numerous vehicles which were then used to commit shootings of rival drug-trafficking organizations operating in other public housing projects.

4. At divers times between the times alleged, the defendants and co-conspirators, and others to the grand jury known and unknown, aiding and abetting each other, stored and hid from view controlled substances, to wit: cocaine, cocaine base, and marihuana, and/or proceeds from the sales thereof, and/or firearms as that term is defined in Title 18, United States Code, Section 921(a)(3), in order to facilitate the successful screening of these items from those outside of the conspiracy. The concealment of these items therefore, prevented their discovery and simultaneously provided easy access to the controlled substances and the weapons.

INDICTMENT
United States v. Jesus R. Perez-Cruz, et al
Page 12

6.   On or about January 4, 1990, at the Manuel A. Perez Public Housing Project, Rio Piedras, Puerto Rico, co-defendant and co-conspirator **REYNALDO MAYSONET-NARVAEZ aka "Chacho,"** for the purpose of maintaining absolute control of the drug operation described above, did undertake the murder of Felipe Negron Isaac aka "Pito Arrebatao."

5.   On or about May 29, 1990, co-defendant and co-conspirator **JESUS R. PEREZ-CRUZ aka "Indio,"** for the purpose of maintaining absolute control of the drug operation described above, did order the murder of Angel A. Aponte-Delgado aka "Papolo."

6.   On or about May 29, 1990, at the Crisantemos I Public Condominium, 14th Floor, Hato Rey, Puerto Rico, co-conspirator, William Acevedo Rodríguez, not charged in this indictment, aided and abetted by Angel LNU and Dominique LNU, and pursuant to the instructions of **JESUS R. PEREZ-CRUZ aka "Indio,"** did undertake the murder of Angel A. Aponte-Delgado aka "Papolo."

7.   On or about September 3, 1990, at the Manuel A. Perez Public Housing Project, Rio Piedras, Puerto Rico, co-defendants and co-conspirators, **JESUS R. PEREZ-CRUZ aka "Indio," DAVID A. MEDINA-SANES aka "El Negro Medina,"** RONALD BARRIOS-GARCIA, **EDGARDO RONDON-CORREA aka "Tribi"** and William Acevedo Rodríguez, not charged in this indictment, aiding and abetting each other, and for the purpose of maintaining absolute control of the drug operations

INDICTMENT
United States v. Jesus R. Perez-Cruz, et al
Page 13

described above, did undertake the murder of Raul Llorach Curuña aka "Rockero."

8. The grand jury hereby incorporates by reference, Count One of this indictment and designates it as a further overt act of this conspiracy.

All in violation of Title 21, United States Code, Section 846.

GUILLERMO GIL
United States Attorney

Jorge E. Vega-Pacheco,
Assistant U.S. Attorney
Chief, Criminal Division

Jacabed Rodríguez-Coss
Assistant U.S. Attorney

Dated: April 10, 1997